UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRENTICE DURRELL BOOKER, SR., | ) Case No. CV 09-0259-JVS(RC) |
| Petitioner, | ) |
| vs. | ) |
| | ) OPINION AND ORDER ON A |
| SAN LUIS SUPERIOR COURT, | ) PETITION FOR HABEAS CORPUS |
| Respondent. | ) |

On January 13, 2009, petitioner Prentice Durrell Booker, Sr., a person in state custody proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the Superior Court's "time calculation, and time credits."[1]  Petition at 2.  The

---

[1] The petitioner names the San Luis Superior Court as respondent, which is incorrect.  Rule 2(a) of the Rules Governing Section 2254 Cases provides that a habeas "petition must name as respondent the state officer who has custody[,]" 28 foll. U.S.C. § 2254, and the "[f]ailure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); Belgarde v. State of Montana, 123 F.3d 1210, 1212 (9th Cir. 1997).  Generally, this Court would dismiss the petition with leave to amend when petitioner fails to name the proper respondent, and order petitioner to file an amended petition naming the proper respondent.  However, since petitioner has

1 petition shows that petitioner has not appealed his conviction and
2 sentence to the California Court of Appeal, and has not sought review
3 or collateral relief from the California Supreme Court.  Petition at
4 2-6.

**DISCUSSION**

The petitioner's state criminal conviction is not yet final.  In the context of federal habeas review, a state criminal conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 478 U.S. 314, 321 n.6, 107 S. Ct. 708, 712, 93 L. Ed. 2d 649 (1987); Clay v. United States, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076, 155 L. Ed. 2d 88 (2003).  Here, the petition shows petitioner has not appealed his conviction nor sought review or certiorari.  See Petition at 2 (Petitioner has checked the box "No" to the question "Did you appeal from the judgment of conviction or the imposition of sentence?", and further states he is "not sure if attorney did."); Petition at 5 (Petitioner has checked the box "No" to the question "Have you filed previous petitions for habeas corpus, . . . or any other applications, petitions or motions with respect to this conviction.").

Since petitioner's criminal conviction is not yet final, the seminal case of Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) applies.  *Younger* establishes that under

---

brought this action prematurely, such amendment would be futile.

1 principles of comity and federalism, a federal court should not
2 interfere with ongoing state criminal proceedings by granting
3 injunctions or declaratory relief absent extraordinary circumstances.
4 Id. at 44, 91 S. Ct. at 750; Middlesex County Ethics Comm'n v. Garden
5 State Bar Ass'n, 457 U.S. 423, 431, 102 S. Ct. 2515, 2521, 73 L. Ed.
6 2d 116 (1982); Samuels v. Mackell, 401 U.S. 66, 69, 91 S. Ct. 764,
7 766, 27 L. Ed. 2d 688 (1971).  This principle of "Younger abstention"
8 is also applicable to claims raised in federal habeas corpus
9 proceedings.  Edelbacher v. Calderon, 160 F.3d 582, 587 (9th Cir.
10 1998); Carden v. State of Montana, 626 F.2d 82, 83-85 (9th Cir.),
11 cert. denied, 449 U.S. 1014 (1980).

13   Here, all the prerequisites to the application of abstention
14 under *Younger* have been met.  First, petitioner is currently the
15 subject of a criminal proceeding in state court, which has not reached
16 final adjudication.  H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir.
17 2000); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th
18 Cir. 1994).  Second, the State undeniably has an important interest in
19 protecting the public by the filing and prosecuting of criminal
20 proceedings.  Seling v. Young, 531 U.S. 250, 262, 121 S. Ct. 727, 734,
21 148 L. Ed. 2d 734 (2001).  Third, the state appellate process affords
22 the opportunity for petitioner to raise a challenge to the Superior
23 Court's calculation of his "time credits."  Finally, the remedy the
24 petitioner seeks, the issuance of a writ of habeas corpus, would
25 clearly interfere with the ongoing state criminal proceeding, see
26 Preiser v. Rodriquez, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36
27 L. Ed. 2d 439 (1973) ("[T]he essence of habeas corpus is an attack by
28 a person in custody upon the legality of that custody, and . . . the

traditional function of the writ is to secure release from custody."), and petitioner has not identified any "extraordinary circumstances" warranting an exception to the *Younger* doctrine.

Moreover, as noted above, petitioner is seeking federal court review of a state criminal proceeding before he has exhausted his state court remedies, as required by federal statute. 28 U.S.C. § 2254(b), (c); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). The petitioner must be convicted and sentenced and have appealed his conviction to the California Supreme Court and/or sought post-conviction habeas corpus relief from the California Supreme Court before his claim is ripe for federal habeas review. Here, petitioner has not exhausted his state court remedies.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify petitioner." The instant petition shows that petitioner's state court criminal proceeding is not final, and he has not exhausted his state court remedies; thus, the petition must be dismissed without prejudice.

**ORDER**

IT IS ORDERED that Judgment be entered DISMISSING without prejudice the petition for writ of habeas corpus and action.

//
//

4

1    IT IS FURTHER ORDERED that the Clerk of Court shall notify
2  petitioner of the dismissal without prejudice.

DATE: February 4, 2009   _____
                          JAMES V. SELNA
                          UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE:    January 16, 2009

 /s/ Rosalyn M. Chapman
      ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&Rs-MDOs\09-0259.mdo
1/16/09